

U.S. Department of Justice
Tax Division

Northern Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station    (202) 514-5150
Washington, D.C. 20044                Telefax: (202) 514-8455

June 9, 2006

Jeremy Gutman, Esq.
251 East 61st Street
New York, New York 10021

Re: U.S. v. Samuel Yakobowicz
    Criminal No. 02-Cr-911 (ERK)

Dear Attorney Gutman:

This letter sets forth the Agreement between the United States Attorney for the Eastern District of New York and the Department of Justice Tax Division, ("the U.S. Attorney") and your client, Samuel Yakobowicz ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date but in no event later than June 20, 2006, Defendant shall plead guilty to Count One of the above-captioned Superceding Indictment charging him with making or subscribing a false excise tax return in violation of title 26, United States code, section 7206(1). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Counts One of the Superceding Indictment, and is in fact guilty of that offense. The U.S. Attorney agrees to dismiss counts Two, Three, Four and Five following the imposition of sentence.

2. Penalties

Defendant faces the following maximum penalties: <u>three years imprisonment, a fine of $100,000, one year of Supervised Release, and a mandatory special assessment of $100.</u>

3. Sentencing Guidelines

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing guidelines:

a. **The base offense level is 18** pursuant to U.S.S.G. §§ 2T1.1(a) and 2T4.1(M) based upon the agreed upon readily provable amount of tax loss, including relevant conduct of approximately $784,436.

b.  A reduction of three (3) levels is warranted for acceptance of responsibility under U.S.S.G. §3E1.1(a) & (b)(2).

c.  Based on the above calculations, Defendant's total Adjusted Offense Level is therefore 15.

d.  Defendant's Criminal History category is calculated to be Level I.

e.  Based on the above factors, the Sentencing Guideline range is 18-24 months.

The U.S. Attorney specifically may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit his conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime; and/or

(i)  Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    (a)    22 months, 10 days imprisonment, with credit for time served;

    (b)    $100 mandatory special assessment;

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly described in paragraph 3, above.

5.     <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.     <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (2)    The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in Second Circuit or Supreme Court cases decided after the date of this Agreement which are held by the Second Circuit or Supreme Court to

have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains her appeal rights.

7. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss counts Two, Three, four and five of the Superceding Indictment.

8. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

...

- 5 -

11. <u>Withdrawal of Plea By Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the Eastern District of New York and the United States Department of Justice, Tax Division and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Trial Attorney John P. McAdams.

Very truly yours,

ROSLYN MAUSKOPF
United States Attorney

By: *[signature]*
John P. McAdams
Trial Attorney
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section

- 7 -

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the Eastern District of New York and the United States Department of Justice, Tax Divsion. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature]*
Samuel Yakobowicz
Defendant

Date: June 13, 2006

I certify that Samuel Yakobowicz has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
Jeremy Gutman, Esq.
Attorney for Defendant

Date: June 13, 2006